COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Bumgardner
Argued at Richmond, Virginia


VIRGINIA H. SARVER, F/K/A
 VIRGINIA S. SORUM

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1950-97-2        JUDGE RUDOLPH BUMGARDNER, III
                                         JUNE 16, 1998
HARVEY J. SORUM


        FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                        Jay T. Swett, Judge

            Peter L. McCloud (Boyle, Bain & Downer, on
            brief), for appellant.

            Ralph E. Main, Jr., for appellee.



     The parties were divorced by final decree entered August 1,

1996.  Four months later Mr. Sorum moved to reopen the case and

to allocate $27,000 of debt incurred to educate their children.

He also asked the court to affirm the exact amount of his

obligation on a credit card debt.  By order dated July 11, 1997,

the trial court affirmed the amount of the credit card debt at

$5,922 which was the amount set out in the decree of August 1,

1996.  The court ordered the husband to pay that amount within

thirty days.  The court also found that the failure to address

the education debt in the August 1996 decree was a mutual mistake

by the parties and decreed that each pay half.

     The decree of August 1996 allocated the parties' MBNA credit

card debt to the husband and ordered that he pay it "holding [the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

wife] harmless."  When the court made its decree of July 1997, it found that $5,922 was the precise amount owed when the 1996 divorce decree was entered and ordered the husband to pay that amount only.  The court did not make any provision for interest or other charges that accrued on that account between the date of the first decree and the subsequent one.  We hold that when the court did not make such provisions, the court failed to give recognition to the hold harmless provision in its first decree. The decision is reversed and remanded with the direction that the decree be modified to order that the husband pay, in addition to the principal amount, any sums that accrued because of his failure to pay the debt as originally ordered to do.

The trial court had no authority to entertain the request to allocate the education loans that had not been addressed in the August 1996 decree.  The trial court's inherent power to amend the record should not be confused with the power to create.  See Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996). "'While the power is inherent in the court, it is restricted to placing upon the record evidence of judicial action which has actually been taken, and presupposes action taken at the proper time.'"  Id. (citation omitted).  The trial court loses jurisdiction twenty-one days after entering the final decree. "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."  Rule 1:1.

If fraud has been practiced, the trial court can reopen a case after twenty-one days has past.  <u>See</u> Code § 8.01-428.  The initial motion filed by the husband to reopen the case pleaded fraud as the reason the court had not dealt with the matter of student loans.  However, the trial court found that fraud was not shown.  No objection was taken to that finding.  Because no fraud was practiced on the court, the court had no authority to adjudicate the issue twenty-one days after the final order.  Accordingly, the decision of the trial court to allocate this debt is reversed.

<u>Reversed and remanded.</u>